IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 07, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | | |
|---|---|---|
| GENE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00156 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMES RUSH, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Gene Washington, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants James Rush, Keisha Rankins, Keisha Rankin's daughter, Brian, Mattinea, Rizio J. Harris, and L.I. Jamar Cutchins. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's complaint will be dismissed as frivolous.

In his complaint, Plaintiff makes a variety of allegations against Defendants and other individuals. (*See* Compl.) According to Plaintiff, Rush and Rankins are "gang members with ties to organized crime" who have been affecting Plaintiff's breathing using air pressure devices and chemical agents. (*Id.* at 2.) Plaintiff further alleges that Defendants "have been making money off [him] in prison[,]" have recorded him "from the radar system in space[,]" and have "committed violent crimes" against Plaintiff and his family. (*Id.*) According to Plaintiff, certain "criminals" have stolen access to "a satellite space dish" in violation of a "worker[']s policy" and are now in possession of a destructive device, child pornography, and "unwanted unaware sex films." (ECF No. 1-1 at 1.) Plaintiff alleges that these criminals are connected to the disappearance of many individuals as well as various crimes. (*Id.*) Plaintiff further alleges that the criminals have "illegally obtain[ed] footage of [his] life" as they have

recorded him from space since 1996, and that they "have been making money off of [him]." (*Id.* at 2.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). As used in the statute, "frivolous" means that the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[C]laims describing fantastic or delusions scenarios" are properly dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Here, even liberally construing his allegations, Plaintiff's claims "rise to the level of the irrational" and the court finds them "wholly incredible" to the point of being frivolous. *Denton*, 504 U.S. at 33. And apart from being frivolous, Plaintiff's allegations are confusing and unintelligible such that the court cannot ascertain the substance of his claims against Defendants. Therefore, the court will dismiss Plaintiff's complaint under the authority granted to it by § 1915A(b)(1).

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 7th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE